# EXHIBIT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Mark Berube, on behalf of himself and all others similarly situated, | Case No.: 2:20-cv-01783 |
| Plaintiff, | |
| vs. | |
| Rockwell Automation, Inc., the Rockwell Automation Employee Benefits Plan Committee, | |
| Defendants. | |

### SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement," "Settlement Agreement," or "Agreement"), dated October 31, 2023, is made and entered into by and among (i) Plaintiff Mark Berube ("Plaintiff"), on behalf of himself and each member of the Class ("Class Members"), by and through counsel for Plaintiff and the Class ("Class Counsel"), and (ii) Rockwell Automation, Inc. and the Rockwell Automation Employee Benefits Plan Committee (collectively, "Defendants"), subject to the approval of the United States District Court for the Eastern District of Wisconsin, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

This Settlement is intended by the Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims against Defendants and the Related Parties and result in the complete dismissal of this Action with prejudice, upon and subject to the terms and conditions herein.

### WHEREAS:

**A.** On December 2, 2020, Plaintiff Mark Berube filed a class action complaint in the United States District Court for the Eastern District of Wisconsin asserting various claims for relief under the Employee Retirement Income Security Act of 1974, as amended ("ERISA")

on behalf of a putative class of certain participants and beneficiaries in the Rockwell Automation Pension Plan (the "Plan"). (ECF No. 1.) In the Complaint, Plaintiff challenged the actuarial factors used by the Plan to convert Single Life Annuities into alternative forms of payment, including Joint and Survivor Annuities.

      **B.**    In June 2021, the Court issued its initial Scheduling Order. (ECF No. 24.)

      **C.**    In September 2021, the Parties filed a joint motion to stay to explore the possibility of settlement. (ECF No. 38.) The Court granted the Parties' motion and ordered the Parties to file a joint status report no later than November 30, 2021, advising the Court of how the Parties intended to proceed in this matter. (ECF No. 39.)

      **D.**    On November 16, 2021, the Parties participated in a mediation with Robert Meyer, Esq. (JAMS) but were unable to reach a settlement. (*See* ECF No. 40.) In accordance with the Court's Order (ECF No. 39), on November 30, 2021, the Parties updated the Court on the status of the mediation and submitted a proposed revised discovery plan. (ECF Nos. 40, 40-1.)

      **E.**    In December 2021, the Court adopted the Parties' proposed revised discovery plan. (ECF No. 41, "Second Scheduling Order".)

      **F.**    In accordance with the Initial and Second Scheduling Orders, the Parties engaged in fact discovery, including exchanging initial disclosures, interrogatories, and requests for production of documents, and producing a substantial number of documents and substantial amounts of data that would permit the calculation of Class damages.

      **G.**    In April 2022, Plaintiff filed a motion to modify the Second Scheduling Order to allow the Parties to complete expert discovery. (ECF No. 51.) The Court granted Plaintiff's motion and entered a Revised Discovery Plan. (ECF No. 52, "Third Scheduling Order".) The Third Scheduling Order reset the Parties' expert disclosure deadlines, Plaintiff's class certification deadline, and the Parties' dispositive motion deadline.

**H.**     In accordance with the Third Scheduling Order, the Parties completed expert discovery, including exchanging expert reports by their respective actuarial experts, and each Party deposing the other's actuarial expert.

**I.**     In September 2022, Plaintiff filed a motion for class certification. (ECF No. 53.) Defendants opposed Plaintiff's motion, (ECF No. 56), and the Court denied Plaintiff's motion. (ECF No. 63.) Consequently, under the Third Scheduling Order, the Parties' dispositive motions were due May 3, 2023. (*See* ECF No. 52.)

**J.**     In April 2023, the Parties' requested a 90-day stay of the dispositive motion deadline to again explore the possibility of settlement with the assistance of Mr. Meyer. (ECF No. 64.) The Court granted the Parties' motion and ordered the Parties to file a status report no later than July 14, 2023, advising the Court of how they intended to proceed in this matter. (ECF No. 65.)

**K.**     Thereafter, the Parties continued to discuss the possibility of settlement with the assistance of Mr. Meyer but were unable to reach an agreement before the July 14, 2023 status report deadline. On July 14, 2023, the Parties filed a Joint Status Report (ECF No. 66) and requested a renewed dispositive motion schedule.

**L.**     On September 1, 2023, Plaintiff filed a motion for reconsideration of the Court's order denying Plaintiff's motion for class certification, or in the alternative, a renewed motion for class certification of an amended class. (ECF No. 68.)

**M.**     Throughout this time, the Parties continued to discuss the possibility of settlement with the assistance of Mr. Meyer. On September 11, 2023, the Parties reached a settlement in principle to resolve Mr. Berube's claims, and those of the Plan participants in the "SLA Group", and resolve other key issues related to the structure of this Settlement Agreement.

**NOW, THEREFORE**, the Parties, in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration, acknowledged by each of them to be fair and reasonable, and intending to be legally bound, do hereby mutually agree as follows, subject to Court approval:

## I.    Definitions

For purposes of this Settlement Agreement, the following terms, when used in capitalized form, will have the meanings indicated below. Occasionally, a term may be defined in this or another section of the Agreement by putting quotation marks around the term and placing the term in a parenthetical following its definition or by putting quotation marks around the term within a sentence defining the term; a term defined in this manner is considered to be defined in this Section I.

**A.**    "Action" means the class action pending in this Court under the caption *Berube v. Rockwell Automation Inc., et al.*, Case No.: 2:20-cv-01783 (E.D. Wisc.).

**B.**    "Annuitization Assumptions" means (a) the "applicable mortality table" under Internal Revenue Code Section 417(e)(3)(B) for 2023; and (b) interest using the segment rates of 4.75% for the first segment rate, 5.00% for the second segment rate, and 5.74% for the third segment rate.

**C.**    "Annuity Start Date" means (i) for a Participant Class Member or a Surviving Spouse Class Member, the date he or she began receiving annuity benefit payments from the Plan; and (ii) for a Beneficiary Class Member, the date the Beneficiary Class Member's Associated Participant began receiving annuity benefit payments from the Plan.

**D.**    "Associated Beneficiary" shall mean the person a Participant Class Member has designated to receive a contingent annuity under the Plan.

**E.**    "Associated Participant" shall mean the Plan Participant who designated a Beneficiary Class Member to receive a contingent annuity under the Plan.

-4-

**F.**     "Beneficiary Class Member" is the Associated Beneficiary of a deceased Participant Class Member.

**G.**     "Benefit Increase Payment Date" shall mean a date no later than the first day of the first calendar month that is at least one hundred and twenty (120) days after Final Approval.

**H.**     "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, as amended.

**I.**     "Claims" means any and all actions, causes of action, claims, demands, liability, obligations, promises, rights, and suits whatsoever, whether arising under federal, state, local, or foreign law, whether based on statute, ordinance, regulation, constitutional provision, common law, contract, the terms of any of the Plans, or any other source (including but not limited to ERISA), whether past, present, or future, known or unknown, asserted, or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated.

**J.**     "Class" means the conditional settlement Class referred to in section II. A. *infra* which is defined as:

> All married participants (and their beneficiaries) of the Plan's B001 and B006 Sub-Plans whose normal form of benefits for unmarried participants was an SLA and who elected a JSA commencing on or after December 2, 2014, and before the Preliminary Approval Date and who accrued benefits in the form of a single life annuity. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

**K.**     "Class Counsel" means the law firm of Izard, Kindall & Raabe LLP, Bailey and Glasser LLP and Crueger Dickinson LLC.

**L.**     "Class Member" means a member of the Settlement Class.

**M.**     "Class Period" means December 2, 2014 to the Preliminary Approval Date.

**N.**     "Clerk of Court" means the Clerk of the United States District Court for the Eastern District of Wisconsin.

**O.** "Client Contribution Award" shall have the meaning ascribed to it in Section II(E), *infra*.

**P.** "Complaint" means the Complaint filed in this Action, located at ECF No. 1.

**Q.** "Court" means the United States District Court for the Eastern District of Wisconsin.

**R.** "Court of Appeals" means the United States Court of Appeals for the Seventh Circuit.

**S.** "Current Monthly Benefit" means the monthly benefit amount that (i) a Deceased Class Member received before his or her death, (ii) a Beneficiary Class Member received immediately after the death of the Associated Participant; and (iii) that all other Class Members received or are scheduled to receive as of the Annuity Start Date.

**T.** "Deceased Class Members" means the Class Members who are not receiving monthly pension benefits when the Plan begins paying additional benefits under the Settlement because of their death, and includes: (a) a Participant Class Member, when both the Participant and the Participant's Associated Beneficiary are deceased; (b) a Beneficiary Class Member when that Class Member is deceased; and (c) a Surviving Spouse Class Member, when the Surviving Spouse Class Member is deceased.

**U.** "Defendants" means Rockwell Automation, Inc. and the Rockwell Automation Employee Benefits Plan Committee.

**V.** "Defendants' Counsel" means the law firms and attorneys of Alston & Bird LLP and Reinhart Boerner Van Deuren s.c.

**W.** "ERISA" means the Employee Retirement Income Security Act of 1974, as amended.

Case 2:20-cv-01783-LA   Filed 11/01/23   Page 7 of 46   Document 75-1

**X.**     "Estate Claim Form" means the document attached as Exhibit 1 hereto that the estate or heirs of Deceased Class Members must complete to receive the lump sum payment amount described in Section III(F), *infra*.

**Y.**     "Fees, Expenses and Costs Award" shall mean the award of attorneys' fees, expenses and costs to Class Counsel in accordance with the provisions of Section II(F), and the Client Contribution Award described in Section II(E), *infra*.

**Z.**     "Final" when referring to an order or judgment means: (1) that the time for appeal or appellate review of the Judgment has expired under applicable law, and no appeal has been taken; or (2) if there has been an appeal, (a) that appeal has been decided by all appellate courts without causing a material change in the order or judgment; or (b) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

**AA.**     "Final Approval" of this Settlement occurs when the Judgment has been entered by the Court and either (1) the time for appeal or appellate review of the Judgment has expired under applicable law, and no appeal has been taken; or (2) if there has been an appeal, (a) that appeal has been decided by all appellate courts without causing a material change in the Judgment; or (b) that the Judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari.

**BB.**     "Final Approval Hearing" means the hearing set by the Court in the Preliminary Approval Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to consider, among other things, approval of the Settlement.

**CC.**     "Gross Settlement Amount" shall mean nine-hundred thousand dollars ($900,000).

**DD.**     "Rockwell" refers to Rockwell Automation, Inc.

**EE.** "Judgment" means an order and judgment, to be entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Agreement and the proposed Settlement embodied herein.

**FF.** "JSA" means a "joint and survivor annuity," *i.e.*, a monthly annuity for the life of the participant with a monthly survivor annuity (following the participant's death) for the life of the participant's beneficiary (if the beneficiary survives the participant) which is not greater than 100% of the amount of the monthly annuity payable during the joint lives of the participant and the beneficiary, including a Qualified Pre-retirement Survivor Annuity ("QPSA").

**GG.** "Monthly Benefit Increase" shall mean the increase to each Class Member's Current Monthly Benefit under the Settlement, calculated in accordance with Section III(B), *infra.*

**HH.** "Net Settlement Amount" shall mean the Gross Settlement Amount minus the total amount of the Fees, Expenses and Costs Award.

**II.** "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit 2, which is to be sent to members of the Settlement Class.

**JJ.** "Participant Class Member" is a participant in the Plan who began receiving benefits in the form of a JSA during the Class Period.

**KK.** "Parties" means, collectively, (1) Defendants and (2) Plaintiff, by and through his attorneys, on behalf of himself and the settlement Class.

**LL.** "Plan" means the Rockwell Automation Pension Plan.

**MM.** "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order on the docket in the Action.

**NN.** "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit 3, to be entered by the Court preliminarily approving the Settlement; approving the contents and method of distribution of the Notice; and scheduling a Final Approval Hearing.

**OO.** "Recalculated Benefit Amount" refers to the sum of the Class Member's Current Monthly Benefit and his or her benefit increase under the settlement. In no case shall a Class Member's Recalculated Benefit Amount be less than the Class Member's Current Monthly Benefit.

**PP.** "Related Parties" include the Defendants and all of the officers, directors, employees, agents, attorneys, actuaries, members, managers, advisors, insurers, trustees, administrators, service providers, and fiduciaries, current and former, of Rockwell, the Plan, or the Defendants, and the predecessors, successors, assigns, family members, heirs, executors, trustees, representatives, and administrators of any of the foregoing.

**QQ.** "Released Claims" are those Claims that are released by the Settlement in accordance with the provisions of Section IV(A), *infra*.

**RR.** "Released Parties" shall include the Defendants and Related Parties.

**SS.** "Settlement Amendment" shall mean the amendment to the Plan described in Section III(A), *infra*.

**TT.** "Settlement Assumptions" means (a) the mortality table published by the Secretary of the Treasury pursuant to Internal Revenue Code Section 430(h)(3)(A) for 2023; and (b) interest using the segment rates of 4.75% for the first segment rate, 5.00% for the second segment rate, and 5.74% for the third segment rate.

**UU.** "SLA" means a "single life annuity," *i.e.*, a monthly annuity for the life of an individual, with no benefit payable following that individual's death.

**VV.** "Supreme Court" means the United States Supreme Court.

**WW.** "Surviving Spouse Class Member" is a person who began receiving QPSA benefits from the Plan during the Class Period.

## II.     Procedures

**A.     Motion for Preliminary Approval.** Promptly after the execution of this Agreement, Plaintiff, by and through Class Counsel, with Defendants' consent, shall submit to the Court a copy of this Agreement, together with the exhibits hereto, and move the Court for entry of the Preliminary Approval Order, that provides for, among other things:

1.     Certification of a conditional settlement Class under Federal Rule of Civil Procedure 23(b)(1) and/or (b)(2), comprised of the members of the settlement Class;

2.     Preliminary approval of this Settlement Agreement under Federal Rule of Civil Procedure 23(e);

3.     Appointment of Class Counsel under Federal Rule of Civil Procedure 23(g);

4.     Approval of the contents and method of distribution of the Notice; and

5.     Scheduling a Final Approval Hearing.

**B.     Notice.**

1.     No later than ten (10) days after the filing of this Agreement with the Court, Defendants shall arrange for effective service of a notice of the Settlement on the appropriate federal and state officials that meets the requirements of the CAFA. All costs associated with providing notice pursuant to CAFA shall be borne by Defendants.

2.     After the entry of the Preliminary Approval Order, Defendants will notify Class Members of the proposed Settlement, of the date and time of the Final Approval Hearing, of Class Members' right to object to this Agreement, any award of attorneys' fees and costs pursuant to this Agreement, and any Client Contribution Award by having the Notice sent

to Class Members.  Subject to Court approval, the Notice will be transmitted to Class Members by regular mail to the last known address of the Class Member that is maintained in the Plan's records.  For Deceased Class Members, the Notice will be sent to the last address maintained by the Plan for the Deceased Class Member.

3.      Defendants will cause the Notice to be sent to Settlement Class Members within forty-five (45) days after entry of the Preliminary Approval Order, or such other date as the Court may set in a Preliminary Approval Order.  If a notice is returned as undeliverable, Defendants will use or cause commercially reasonable means to be used to find a current address and re-send the Notice.

**C.      Costs of Notice.**  Defendants will pay the cost of Notice.

**D.      Entry of Judgment.**  At the Final Approval Hearing, Plaintiff will request that the Court issue an order:

1.      Certifying the settlement Class;

2.      entering the Judgment;

3.      awarding attorneys' fees, expenses, and costs to Class Counsel consistent with the terms of this Agreement; and

**4.**      granting a Client Contribution Award to Plaintiff consistent with the terms of this Agreement.

**E.      Client Contribution Award.**  At the Final Approval Hearing, Class Counsel will petition the Court for a client contribution award (the "Client Contribution Award") to be paid to Plaintiff in the amount of $5,000.  The Client Contribution Award will reduce the present value of the Settlement amount to be paid to Class Members in the form of annuity payments.

**F.     Payment of Attorneys' Fees, Expenses and Costs Award.**

**1.**     At the Final Approval Hearing, Class Counsel will petition the Court for a lump-sum award of reasonable attorneys' fees of no more than 1/3 of the Gross Settlement Amount, plus reimbursement of litigation expenses and costs.  The attorneys' fees, expenses and costs awarded by the Court will reduce the present value of the Settlement amount to be paid to Class Members in the form of annuity payments.

**2.**     The Settlement is not contingent upon the Court approving the Fee, Expense and Cost Award that Class Counsel will request in accordance with paragraph 1 above.

**3.**     Within thirty (30) days of Final Approval, Defendants will wire, or cause the Plan to wire, to one or more accounts specified by Class Counsel an amount equal to the Court's award of attorneys' fees, expenses and costs and the Client Contribution Award (the "Fees, Expenses and Costs Award"), provided that Class Counsel has provided wiring instructions and a W-9 at least fourteen (14) days prior to this deadline.

**G.     Termination Rights.**  Defendants and Plaintiff shall have the right to terminate the Settlement by providing written notice to the other of the election to do so within thirty (30) days of the date on which any of the following occurs: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve the Settlement or any material term hereof; (c) the Court declines to enter the Judgment in any material respect; or (d) the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.  Notwithstanding the foregoing, any decision by the Court, the Court of Appeals, or the Supreme Court with respect to an application for attorneys' fees or costs shall not be considered material to this Settlement and shall not be grounds for termination.  The termination rights set forth herein are not intended to limit or impair the Parties' rights under the law of contracts of Wisconsin with respect to any breach of this Agreement.

### III. Consideration.

**A.    Plan Amendment.**  Within sixty (60) days after Final Approval, the Plan shall be amended (the "Settlement Amendment") to provide that, effective for payments on or after January 1, 2024, each Class Member is entitled to an increased monthly amount of a benefit, in the form of benefit in effect as of December 31, 2023, which will allocate the Net Settlement Amount among Class Members and/or their Associated Beneficiaries in proportion to the total value of their past and future pension benefit payments.

**B.    Calculation of Monthly Benefit Increases:**   Except for Deceased Class Members, discussed below, each Class Member shall receive an increase in his or her monthly benefits determined in accordance with the following steps:

(1) calculate the total amount of benefits paid to each Class Member and/or his or her Associated Participant, including interest at 5.27% annually from the date each benefit was paid, from the beginning of the Class Period until January 1, 2024 (the "Past Benefit Amount");

(2) calculate the value of the Past Benefit Amount if paid as a monthly benefit in the same form (*e.g.*, a 50 or 75% JSA) as the Class Member is currently receiving using the Annuitization Assumptions (the "Adjusted Past Benefit");

(3) The Monthly Benefit Increase is the Settlement Percentage multiplied by the sum of (a) the Adjusted Past Benefit and (b) the Currently Monthly Benefit. The "Settlement Percentage" is calculated by dividing the Net Settlement Amount by the sum of (i) the Past Benefit Amounts of all Deceased Class Members, (ii) the present value as of January 1, 2024, of the Adjusted Past Benefits for all Class Members and/or Associated Participants (other than Deceased Class Members), and (iii) the present value of all future benefit payments owed to Class Members (before the increase contemplated by

this Agreement) as of January 1, 2024 (with (ii) and (iii) calculated using the Settlement Assumptions).

C. **Timing of Benefit Increase.** The Settlement Amendment shall provide that any increase in benefits on account of the Settlement Amendment shall begin to be paid no later than the first day of the first calendar month that is at least one hundred and twenty (120) days after Final Approval (the "Benefit Increase Payment Date"), and shall include a lump sum equal to the sum of such increases in monthly payments due from January 1, 2024, until the Benefit Increase Payment Date (provided that no interest is required for such period).

D. **QDROs.** Notwithstanding the foregoing, the amount actually payable to a Class Member following approval of the settlement is subject to the terms of any Qualified Domestic Relations Order ("QDRO") with respect to division of benefits between the Participant and the QDRO's alternate payee.

E. **Calculation of Benefits Upon the Death of a Participant Class Member**. Upon the death of a Participant Class Member, the amount of the survivor annuity payable to the Participant Class Members' beneficiary, if any, shall be determined using the Class Members' Recalculated Benefit Amount in a manner consistent with the terms of the Plan.

F. **Calculation of Benefits for Deceased Class Members**. Upon the completion and return of an Estate Claim Form attached hereto as Exhibit 1 ("Estate Claim Form"), the Plan shall pay the estate of a Deceased Class Member (the participant or beneficiary, whichever is most recently deceased) a lump sum amount equal to the Class Member's Past Benefit Amount multiplied by the Settlement Percentage. The Estate Claim Form must be returned in the manner indicated in the Estate Claim Form by no later than six months from the date of Final Approval.

-14-

## IV. Releases

### A. Released Claims

This Agreement and the Judgment shall fully and finally release any and all Claims against Defendants and the Related Parties (collectively, the "Released Parties"). The Judgment shall also provide for the dismissal with prejudice of the Action against Defendants, without costs or fees to any Party, except for the payments expressly provided for herein.

Upon entry of the Judgment by the Court, Plaintiff and each Settlement Class Member shall be deemed to forever release and discharge the Released Parties from any and all Claims arising on or before the Preliminary Approval Date that were brought, or could have been brought, arising out of, or relating to, the provisions of the Plan applicable in the calculation of the Class Member's benefit. For the avoidance of doubt, a Claim arises on or before the Preliminary Approval Date if a Class Member's benefit amount is determined as of the Preliminary Approval Date or earlier, even as to monthly payments made after the Preliminary Approval Date. "Released Claims" do not include claims by Class Members (other than Plaintiff) that are not or could not be related to the determination of Plan benefits or claims concerning the calculation of individual benefits including, for example, calculation errors.

### B. Covenant Not to Sue.
Plaintiff and Class Members expressly agree that they, acting individually or in combination with others, will not institute, maintain, prosecute, sue, or assert in any action or proceeding any Released Claim.

### C. Acknowledgement of Release of Unknown Claims.
Plaintiff and Class Members expressly acknowledge certain principles of law applicable in some states provide that a release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released

party. Plaintiff and Class Members hereby knowingly and voluntarily waive and relinquish the protections of any such principles of law or provisions.

      **D.**     **Action to Enforce Agreement.** Nothing herein precludes an action to enforce the terms of this Agreement.

      **E.**     **No Admission of Wrongdoing.** Whether or not the Settlement, as embodied in this Agreement, is approved by the Court, and whether or not this Settlement is consummated, the fact and terms of this Settlement, including the exhibits and appendices attached hereto, the settlement embodied within it, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection therewith:

      1.    shall not be offered or received against Defendants or Released Parties as evidence of, or be deemed to be evidence of, any presumption, concession, or admission by any of the Defendants or Released Parties with respect to the truth of any fact alleged by Plaintiff or the validity, or lack thereof, of any Claim that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing on the part of Defendants or the Released Parties;

      2.    shall not be offered or received against Defendants or the Released Parties as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the foregoing parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, Defendants and the Released Parties may refer to this Settlement to effectuate the protection from liability granted to them hereunder;

-16-

3.     shall not be construed against Defendants or the Released Parties as an admission or concession that the consideration provided hereunder represents what could be or would have been recovered after trial; and

4.     shall not be construed as or received in evidence as an admission, concession, or presumption against Plaintiff or the other Settlement Class Members that any of their claims are without merit or that relief recoverable under the Complaint would not have exceeded the consideration provided by this Agreement.

## V.     Miscellaneous

**A.     Purpose of Settlement.**  This Settlement Agreement is being entered into by the Parties solely to settle and compromise any and all disputes among the Parties as described more fully herein.  This Agreement will not be construed or characterized, publicly or privately, by anyone as an admission of liability of any kind by the Defendants.

**B.     Cooperation Among the Parties.**  The Parties will cooperate fully with each other and will use their best efforts to obtain, and will not engage in any conduct to prevent, Court approval of this Agreement and all of its terms.  The Parties will use their best efforts to implement the Agreement thereafter.  Notwithstanding the foregoing, nothing in this Settlement shall preclude Defendants from objecting to Plaintiff's motion for attorneys' fees, expenses or costs or to Plaintiff's motion for a Client Contribution Award.

**C.     Responsibility for Inquiries of Settlement Class Members Regarding Benefits.**  Any Party may respond to questions from any Settlement Class Member concerning that Settlement Class Member's benefit under this Settlement Agreement.  The responses provided to such questions will not create or establish any liability on the part of the Plan, Defendants, or the Released Parties that is not expressly specified in this Agreement.

**D.** **Modifications.** The Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Parties or their successors-in-interest.

**E.** **Binding Effect of the Agreement.** The terms and provisions of this Agreement shall be binding upon and inure to the benefit of each of the Parties and the Related Parties and each of their respective predecessors, successors, beneficiaries, joint annuitants, estates, legal representatives, heirs, assigns, and any other individual or entity who could make a claim through them.

**F.** **Multiple Originals/Counterparts.** The Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, DocuSign (or similar electronic signature technology), or by a .pdf image of the signature transmitted by email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**G.** **Authority of Persons Signing the Agreement.** The individuals executing this Agreement for the Parties represent and warrant that they do so with full authority to bind each such party to the terms and provisions in this Agreement.

**H.** **Entire Agreement.** This Settlement Agreement, and the exhibits and appendices hereto, is the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of this Agreement has been made or relied upon except to the extent expressly set forth in this Agreement.

**I.** **Arm's Length Transaction.** The Parties agree that they have negotiated all terms and conditions of this Settlement Agreement at arm's length.

**J.** **No Third-Party Beneficiaries.** This Settlement Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation, or

-18-

undertaking established herein to, any third party as a beneficiary to this Agreement, except for the Released Parties.

      **K.**    **Fees and Costs.**  Apart from the specific fees, expenses, costs, and duties assigned to each Party in this Agreement, the Parties hereby each agree to bear their own fees, costs, and expenses incurred in connection with the Action and this Agreement.

      **L.**    **Section Titles.**  The headings in this Agreement are inserted as a matter of convenience only, and do not define, limit, or describe the scope of the Agreement or the intent of the provisions.

      **M.**    **No Presumption Against Drafter.**  None of the Parties shall be considered to be the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

      **N.**    **Waivers.**  The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous to this Agreement.

      **O.**    **Remedy for Breach.**  After entry of the Final Judgment, the only remedy for a breach of this Agreement will be to petition the Court for specific performance and/or compensatory damages for the breach, as may be available under applicable law.

      **P.**    **Extensions of Time.**  The Parties may agree in writing to reasonable extensions of time to carry out any of the provisions of this Agreement, subject to approval by the Court.

      **Q.**    **Severability.**  In the event that any one or more of the provisions contained in this Agreement shall, for any reason, be held invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall in no way affect any other provision if the Parties mutually elect in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Settlement Agreement.

**R.** **Tax Consequences.** No opinion concerning the tax consequences of the Settlement to individual Class Members is being given or will be given by Defendants, Defendants' Counsel, or Class Counsel, nor is any representation or warranty in this regard made by virtue of this Agreement. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**S.** **This Agreement Governs.** To the extent there is any inconsistency between this Settlement Agreement and any notice or other communication, this Settlement Agreement shall govern and operate to define the rights and obligations of the Parties and the Released Parties.

**T.** **Choice of Law.** The Parties understand and agree that this Agreement, and any disputes arising out of this Agreement, shall be governed by, and construed in accordance with, the laws of the State of Wisconsin, without reference to choice of law presumptions.

**U.** **Court's Continuing Jurisdiction.** Without altering the finality of any of the Court's orders and judgments, the Court shall retain exclusive jurisdiction over Plaintiff, Defendants, Class Members, and the Action with respect to matters arising out of or connected with the Settlement, and may issue such orders as necessary to enforce or implement the terms of the Settlement.

**V.** **Notice to Parties.** Except to the extent explicitly set forth in the Settlement, if any Party is required to give notice to any other Party under this Settlement, such notice shall be in writing and shall be deemed to have been duly given upon (a) receipt of hand delivery; (b) mailing by means of pre-paid, overnight courier delivery service, or (c) sending of electronic mail, provided that no rejection notice occurs and that identical notice is sent by U.S.

mail, first-class postage pre-paid or pre-paid, overnight courier delivery service.  Notice shall be provided as follows:

If to Plaintiff or Class Counsel:

IZARD, KINDALL & RAABE LLP
29 S. Main Street, Suite 305
West Hartford, CT 06107
Attn:  Christopher Barrett
cbarrett@ikrlaw.com

If to Defendants or Defendants' Counsel

ALSTON & BIRD LLP
1201 W. Peachtree St.
Atlanta, GA 30309
Attn: Blake Crohan
blake.crohan@alston.com

**FOR PLAINTIFF AND THE CLASS:**

11/1/23
_____
Date

_____
Robert A. Izard
IZARD, KINDALL & RAABE, LLP
*Co-Class Counsel and Counsel for Plaintiff*

**FOR DEFENDANTS:**

10/31/23
_____
Date

_____
Andrew Kuster
*On Behalf of Rockwell Automation, Inc. and the*
*Rockwell Automation Employee Benefits Plan*
*Committee*

-21-

# Exhibit 1

# INFORMATION FORM
## Rockwell Automation, Inc.

Because the former Rockwell Automation, Inc. retiree or beneficiary who was entitled to the additional retirement benefit from the Plan as a result of the *Berube v. Rockwell Automation, Inc.* litigation is deceased, the Plan Administrator needs additional information from you in order to determine who is legally entitled to receive the additional retirement benefit. Both retirees and their beneficiaries are referred to below as "Beneficiary." ***Payment of the additional retirement benefit will not be made prior to receipt of a completed Information Form and the requested information.***

Please complete this Form and provide the requested information to the address provided on page 6. Following a review of the completed Form and requested documents, you may be contacted again for additional information. Please make every attempt to provide the requested information and complete this Form accurately. ***Failure to complete this Form or to provide the requested documentation will delay the review of your request for payment. This form must be submitted within the time set forth in the Settlement Agreement.*** If you have any questions about this Form, please contact Class Counsel, Christopher M. Barrett, IZARD, KINDALL & RAABE LLP at (860) 493-6294 or cbarrett@ikrlaw.com

Please attach any documents supporting your claim and relationship to the Beneficiary. The more information and documents you provide at the outset, the faster the process is likely to go, and the quicker we should be able to issue benefit payments. Possible documents include, but are not limited to, birth certificates, obituaries, last will and testament, trust documents, or letters testamentary.

We hope the affidavit and materials you initially provide will enable us to determine the appropriate recipients of potential benefits. There may be circumstances where we require additional information to make that determination. Please understand we are seeking to act quickly and efficiently to reach a determination and we appreciate your understanding and ongoing cooperation.

1.  Please provide the following information about the Beneficiary who is entitled to receive retirement benefits from the Plan.

| | |
|---|---|
| **NAME** | |
| **SOCIAL SECURITY NUMBER** | |
| **DATE OF DEATH** | |
| **YOUR RELATIONSHIP TO THE BENEFICIARY** | ❑ Beneficiary of Participant's Estate<br>❑ Beneficiary's Spouse<br>❑ Beneficiary's Child<br>❑ Beneficiary's Sibling<br>❑ Beneficiary's Parent<br>❑ Other – please explain: |

# INFORMATION FORM
## Rockwell Automation, Inc.

2.    Was an estate created for the Beneficiary?

_____ **YES**           _____ **NO**

3.    Was an executor or administrator of the Beneficiary's estate appointed?

_____ **YES**           _____ **NO**

*\* If YES, please answer numbers 4 and 5 and STOP.  If the answer is NO, please proceed to number 6.*

4.    Provide the following information about the executor or administrator and attach a copy of the letters testamentary or documents certifying the appointment of the individual as the executor of the Beneficiary's estate:

| | |
|---|---|
| **NAME** | |
| **ADDRESS** | |
| **PHONE NUMBER** | |
| **EMAIL ADDRESS** | |

5.    If you have a tax identification number for the Beneficiary's estate, provide it here:

_____ .

6.    Did the Beneficiary have a Will when he/she died?

_____ **YES**           _____ **NO**

*\*If YES, please provide a copy of the Beneficiary's Will, answer number 7, and STOP. If NO, please proceed to number 8.*

2

# INFORMATION FORM
## Rockwell Automation, Inc.

7.  Please provide the following information about the Beneficiary's lawful heirs under the Will.

| NAME | RELATIONSHIP | CONTACT INFO | SOCIAL SECURITY NUMBER |
|------|--------------|--------------|------------------------|
|      |              |              |                        |
|      |              |              |                        |
|      |              |              |                        |
|      |              |              |                        |
|      |              |              |                        |
|      |              |              |                        |

8.  If you are the Beneficiary's surviving spouse, please provide a copy of your marriage certificate.

9.  If the Beneficiary was married when he or she died and you are not the surviving spouse, is the Beneficiary's spouse still living?

    _____ YES        _____ NO

10. Was the Beneficiary married more than once?  If yes, please list the former spouses and current spouse of the Beneficiary and the dates of the marriage (if known).

| NAME OF SPOUSE | DATES OF MARRIAGE |
|----------------|-------------------|
|                |                   |
|                |                   |
|                |                   |

3

# INFORMATION FORM
## Rockwell Automation, Inc.

11.    Did the Beneficiary have any children?

   _____ YES    _____ NO

   *If yes, please provide the following information for the Beneficiary's children. Please provide as much information as possible.*

| NAME | RELATIONSHIP | CONTACT INFO | SOCIAL SECURITY NUMBER |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

12.    If the Beneficiary had no children, are the Beneficiary's parent(s) alive?

   _____ YES    _____ NO

   *If yes, please provide the full name, address, phone number and email address for the Beneficiary's parents. Please provide as much information as possible.*

| NAME AND CONTACT INFORMATION FOR THE BENEFICIARY'S FATHER |  |
|---|---|
| NAME AND CONTACT INFORMATION FOR THE BENEFICIARY'S MOTHER |  |

4

# INFORMATION FORM
## Rockwell Automation, Inc.

13.     If the Beneficiary has no living children or parents, did the Beneficiary have any siblings?

_____ **YES**      _____ **NO**

*\* If yes, please provide the full name, address, phone number and email address for the Beneficiary's siblings.  Please indicate whether any of the siblings are deceased.  Please also indicate whether any of the deceased siblings have living descendants.  Please provide as much information as possible.*

| **NAME AND CONTACT INFORMATION FOR THE BENEFICIARY'S SIBLINGS** | |
|---|---|
| | |

14.     Are you aware of any creditors of the Beneficiary's estate?  If yes, explain.  If necessary, attach additional pages.

_____ **YES**      _____ **NO**

**THIS COMPLETED FORM, THE NOTARIZED AFFIDAVIT, AND ALL REQUESTED INFORMATION SHOULD BE MAILED OR FAXED TO:**

**ALSTON & BIRD LLP**
**ATTN: BLAKE CROHAN**
**1201 W. PEACHTREE STREET, SUITE 4900**
**ATLANTA, GA 30309**
**E-MAIL ADDRESS: Blake.crohan@alston.com**

We recommend that you keep a copy of this Form and any documents that you provide to us for review for your records.

\*          \*          \*          \*          \*     \*          \*

**[BLANK AFFIDAVIT ON NEXT PAGE]**

5

# INFORMATION FORM
## Rockwell Automation, Inc.

I certify under penalties of perjury that the information provided by me on this Information Form and the documents being provided to the Plan Administrator are true and correct.

**Dated: _____, \_\_\_\_, 20\_\_.**

_____
**Signature**

_____
**Print Name**

Sworn to before me this \_\_\_\_ day of _____, 202\_\_

_____
Notary Public
My Commission expires _____ \_\_, 20\_\_

6

# Exhibit 2

**United States District Court for the Eastern District of Wisconsin**

**PLEASE READ THIS NOTICE CAREFULLY. IT RELATES
TO THE PROPOSED SETTLEMENT OF A CLASS ACTION AND
CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.**

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

| I. | **What is this notice about?** |
|----|----|

You are receiving this notice because the records of Rockwell Automation, Inc. ("Rockwell") indicate that you receive a monthly benefit payment under the Rockwell Automation, Inc. Pension Plan (the "Plan") and are a member of the Class (described below) in a lawsuit relating to the Plan. As such, your rights may be affected by a proposed settlement of this class action lawsuit (the "Settlement"). **Please read the following information carefully to find out what the lawsuit is about, what the terms of the proposed Settlement are, what rights you have to object to the proposed Settlement Agreement if you disagree with its terms, and what deadlines apply.**

You do not need to do anything to be a part of the Class or, if the Settlement is approved, to receive a Monthly Benefit Increase (as described below) under the terms of the Settlement.[1]

| II. | **What is a class action lawsuit?** |
|----|----|

A class action lawsuit is a legal action in which one or more people represent a large group, or class, of people. The purpose of a class action lawsuit is to litigate at one time similar legal claims of the members of the group.

| III. | **What is this lawsuit about?** |
|----|----|

This class action lawsuit ("Action") was brought on behalf of certain participants, beneficiaries, and surviving spouses receiving benefits under the Plan. Mark Berube ("Plaintiff") is the named plaintiff and Court-appointed representative of all members of the Class.

On December 2, 2020, Plaintiff sued Rockwell and the administrator of the Plan ("Defendants") under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiff challenged the actuarial assumptions and factors used by the Plan to convert single-life annuity ("SLA") benefits into alternative forms of payment, including a joint and survivor annuity ("JSA"). Plaintiff alleged that the assumptions and factors used by the Plan to convert SLAs into alternative forms of payment are outdated and do not provide participants with "actuarially equivalent" benefits, as required by law. Plaintiff asserted that the Plan should instead have calculated benefits using different actuarial assumptions.

| IV. | **Why is there a proposed settlement?** |
|----|----|

The Court has not decided in favor of either side in the Action. Plaintiff and Class Counsel believe the claims have merit. Defendants deny all allegations of wrongdoing, fault, liability, or damage to the Plaintiff and the Class, deny that the actuarial assumptions or factors used by the Plan to calculate benefits are in

---

[1] All capitalized terms not defined in this Notice are defined in the Settlement Agreement.

Case 2:20-cv-01783-LA   Filed 11/01/23   Page 31 of 46   Document 75-1

any way improper, and deny that any Class Member is receiving a benefit amount that is less than what he or she is entitled to receive. Plaintiff and Defendants have agreed to settle to avoid the expense, inconvenience, and inherent risk of litigation with respect to the Action.

Plaintiff and Class Counsel believe that the proposed settlement is in the best interest of the Class because it provides appropriate recovery for Class Members now, while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals, including the possibility of no recovery at all.

| V. | **Who is in the Class?** |
|---|---|

The Court has preliminarily certified a Class. The Settlement will apply to—and will be binding on—the Class. The Class is defined as:

> All married participants (and their beneficiaries) of the Plan's B001 and B006 Sub-Plans whose normal form of benefits for unmarried participants was an SLA and who elected a JSA commencing on or after December 2, 2014, and before the Preliminary Approval Date and who accrued benefits in the form of a single life annuity. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

Under this Class definition, a participant in the Plan, or someone who is receiving a Preretirement Survivor Annuity from the Plan, must have **started** to receive his or her benefits during the Class Period to be a Class Member. For the beneficiary of a participant who received benefits from the Plan to be a Class Member, the first payment of the joint benefit paid to the participant must have occurred during the Class Period. Based on this definition, Rockwell's records indicate that you are a member of the Class.

| VI. | **What are the terms of the Settlement?** |
|---|---|

The legal rights and obligations relating to the Settlement are set forth in the Settlement Agreement, dated October 31, 2023 (the "Settlement Agreement"), which is available at www.[URL]. The Settlement resolves all issues regarding the actuarial assumptions or factors used by the Plan to convert SLAs to JSAs. The present value of the proposed Settlement – that is, its value in today's dollars – is $900,000. The terms of the Settlement Agreement are summarized briefly below; you should review the Settlement Agreement itself for a complete and detailed statement of the terms of the Settlement.

### A. Benefits to the Class

As discussed above, Plaintiff claimed that the actuarial assumptions and factors used to convert SLA benefits into JSA annuities under the Plan were improper. If the Settlement is approved by the Court, the Plan will be amended to provide Class Members with increased monthly benefits. The present value of the Settlement, $900,000, is approximately 60% of the amount of damages Plaintiff's actuarial expert estimated that the Class could obtain at trial.

The proposed Settlement provides that the Plan will pay the value of the Settlement, net of amounts awarded for Fees, Expenses and Costs discussed below, in the form of a Monthly Benefit Increase to be paid during the lifetimes of the Class Member participants and their designated beneficiaries ("Associated Beneficiaries"). Your share of the Net Settlement Value will be based on the value of your past and projected future benefits (including benefits either paid to your Associated Class Member Participant, if

you are the beneficiary, or which may be paid to your Associated Beneficiary, if you are the Participant), compared to the value of **all** Class Members' past and projected future benefits. Your share will then be annuitized and paid out over your lifetime (and, where applicable, over the lifetime of your designated beneficiary) as an increase to the amount of the benefit payment you already receive each month, in the benefit form that you already selected. For example, if you are receiving a 50% JSA, your beneficiary will receive 50% of your Monthly Benefit Increase if he or she lives longer than you do, just as he or she would be entitled to receive 50% of your current monthly benefit. Monthly Benefit Increases, like your current benefit payments, will be reduced by applicable adjustments (*e.g.*, for taxes).

Although each Class Member will be entitled to a Monthly Benefit Increase for pension payments effective as of [DATE], Class Members will not begin receiving any additional benefit under the Settlement until several months after the Settlement becomes Final. The first monthly payment that reflects any additional benefit will include a lump sum amount for the amount of any increase from [DATE] to the date of that first increased payment.

Finally, where **both** the Participant Class Member **and** his or her Associated Beneficiary have died prior to the first date on which Monthly Benefit Increases are to be paid under the Settlement, the Plan will make a lump sum payment to the estate (or heirs) of the Participant or Associated Beneficiary (whoever died later) upon receipt of a properly completed Estate Claim Form. The payment will be calculated in the same way as benefits for Class Members who are still living, except that (a) the calculation will not include any value for future benefit payments; and (b) the payment will not be annuitized.

### B. Release of Claims by the Class

In exchange for benefits conferred by the Settlement, Plaintiff and all members of the Class will release Defendants and Related Parties from any and all Claims arising on or before the Preliminary Approval Date that were brought, or could have been brought, arising out of, or relating to, the provisions of the Plan applicable in the calculation of the Class Member's benefit. For the avoidance of doubt, a Claim arises on or before the Preliminary Approval Date if a Class Member's benefit amount is determined as of the Preliminary Approval Date or earlier, even as to monthly payments made after the Preliminary Approval Date. "Released Claims" do not include claims by Class Members (other than Plaintiff) that are not or could not be related to the determination of Plan benefits or claims concerning the calculation of individual benefits including, for example, calculation errors.

Pursuant to the Settlement Agreement, Class Members expressly agree that they, acting individually or in combination with others, will not institute, maintain, prosecute, sue, or assert in any action or proceeding related to any Released Claim. The Release is set forth in full in the Settlement Agreement, which can be viewed online at www.[URL].

| VII. | Who is representing the interests of Class Members? |
|------|-----------------------------------------------------|

The Court has appointed the following lawyers ("Class Counsel") to represent the Class:

| Robert A. Izard<br>Christopher M. Barrett<br>IZARD, KINDALL & RAABE, LLP<br>29 South Main Street, Suite 305<br>West Hartford, CT 06107<br>(860) 493-6292<br>rizard@ikrlaw.com | Mark G. Boyko<br>BAILEY & GLASSER LLP<br>8012 Bonhomme Avenue, Suite 300<br>St. Louis, MO 63105<br>(314) 863-5446<br>mboyko@baileyglasser.com<br><br>Gregory Y. Porter |

| | |
|---|---|
| cbarrett@ikrlaw.com | BAILEY & GLASSER LLP<br>1055 Thomas Jefferson Street NW<br>Suite 540<br>Washington, DC 20007<br>202-463-2101<br>gporter@baileyglasser.com<br><br>Laura Babiak<br>BAILEY & GLASSER LLP<br>209 Capital Street<br>Charleston, WV 25301<br>(304) 345-6555<br>lbabiak@baileyglasser.com |

You do not need to hire your own lawyer because Class Counsel is working on your behalf and will seek final approval of the Settlement on behalf of the Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

| VIII. | **How will Class Counsel be paid?** |
|---|---|

From the beginning of the case to the present, Class Counsel has not received any payment for their services in pursuing this case or in obtaining this proposed Settlement, nor have they been reimbursed for any out-of-pocket costs they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement's $900,000 present value, plus litigation expenses of approximately $235,000 and a client contribution award to the Plaintiff of $5,000. This Fee, Expense and Costs Award shall come out of, and reduce, the total present value of the Settlement payable to Class Members in the form of Monthly Benefit Increases.

The motion and supporting papers in support of the Fees, Expenses and Costs Award (including the Client Contribution Award), will be filed on or before [DATE]. After that date, you may review the motion and supporting papers at www.[URL].

| IX. | **What is the Court's process for approving or rejecting the Settlement?** |
|---|---|

The Court has granted preliminary approval of the proposed Settlement and has approved this Notice. The Settlement will not take effect, however, until the Court finally approves the Settlement, enters Judgment, and the Judgment becomes Final. The Court will hold a Final Approval Hearing on [DATE], 2024 at [TIME].m., [which will take place by video conference/which will be held in Courtroom xx of the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Ave., Milwaukee, WI 53202]. The date and location of the Final Approval Hearing is subject to change by order of the Court, which will appear on the Court's docket for the case.

| X. | **Can Class Members opt out of the Settlement?** |
|---|---|

No. The Court has certified the class under a rule that does not permit class members to opt out.

| XI. | **Can Class Members object to the Settlement?** |
|-----|-----|

Yes. Prior to the Final Approval Hearing, Class Members will have the opportunity to object to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, and to the proposed Fee, Expense and Costs Award. To object, you must file your objection with the Court in writing, sent by first-class mail to the following address and serve a copy of your objection on the Parties' counsel. The addresses for filing objections with the Court and for serving objections on counsel are as follows:

For Filing:

        Clerk of the Court
        United States District Court for the Eastern District of Wisconsin
        United States Federal Building and Courthouse
        517 E. Wisconsin Ave., Rm 362
        Re: *Berube v. Rockwell Automation, Inc.*, No. 2:20-cv-01783

To Class Counsel:

        Christopher M. Barrett
        IZARD, KINDALL & RAABE LLP
        29 S. Main Street, Suite 305
        West Hartford, CT 06107
        Tel.: (860) 493-6294
        Email: cbarrett@ikrlaw.com

To Defendants' Counsel:

        Blake Crohan
        ALSTON & BIRD, LLP
        1201 W. Peachtree St., NE
        Atlanta, GA 30309
        Tel: (404) 881-4625
        Email: blake.crohan@alston.com

Objections must be received by the Court on or before [DATE] and must be served on Class Counsel and Defendants' Counsel so that they are received on or before [DATE]. Service on counsel may be effected by email to both Class Counsel and Defendants' Counsel, but filing with the Court must be by first-class mail.

To be valid and considered by the Court, any written objection must state: (1) the name and case number of the Action: *Berube v. Rockwell Automation, Inc.*, No. 2:20-cv-01783; (2) your name, address, and telephone number; and (3) each objection you are making, including any legal support and/or evidence you wish to bring to the Court's attention or introduce in support of your objection(s). If you so choose, you may file and serve your objection through counsel of your choice, and you (or your counsel) may appear at the final approval hearing. If you decide to hire counsel (at your own expense), your attorney must file a notice of appearance with the Court no later than [DATE] and serve a copy of the notice on the counsel listed above the same day that it is filed. You do not have to appear at the final approval hearing to have the Court consider your objection. If you choose to appear at the final approval hearing, either for yourself or through counsel retained at your expense, you must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of your attorney) with the Court no later than [DATE].

Class members who do not comply with these procedures, or who miss the deadline to file an objection, lose the opportunity to have their objection considered by the Court or to appeal from any order or judgment entered by the Court regarding the Settlement.

| XII. | **Where can Class Members get additional information?** |
|------|--------------------------------------------------------|

You do not need to do anything to be a part of this Class or, if the Settlement is approved, to receive your Monthly Benefit Increase.

You can visit the Settlement website at www.[URL], where you will find the full Settlement Agreement, the Court's order granting preliminary approval of the Settlement, this Notice, and other relevant documents.  If there are any changes to how or when the Final Approval Hearing will be held, the deadlines for objecting to the Settlement, or the Settlement Agreement itself, those changes will be posted on the Settlement website.  You will not receive an additional mailed notice with those changes, unless separately ordered by the Court.  If you cannot find the information you need on the website, you may also contact Class Counsel for more information.  Please do not contact the Court to get additional information.

Dated: [DATE]        By Order of the United States District Court for the Eastern District of Wisconsin, Hon. Lynn Adelman

# Exhibit 3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| Mark Berube, | ) | |
| Plaintiff, | ) | Civil Action No. 2:20-cv-01783 |
| | ) | |
| v. | ) | |
| Rockwell Automation, Inc., the Rockwell | ) | |
| Automation Employee Benefits Plan | ) | |
| Committee, and John/Jane Does 1-20. | ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

**WHEREAS,** a putative class action is pending before the Court entitled *Mark Berube v. Rockwell Automation, Inc.*, No. 2:20-cv-01783;

**WHEREAS,** the Court has reviewed and considered Plaintiff's Motion for Preliminary Approval of Settlement (the "Motion"), as well as all papers submitted in connection therewith; the proposed Settlement as set forth in the Settlement Agreement (the "Settlement"), which, together with the exhibits and appendices thereto, sets forth the terms and conditions of a proposed settlement of the above-captioned Action, dismissing all claims against Defendants with prejudice upon the terms and conditions set forth therein, a copy of which has been submitted with the Motion and the terms of which are incorporated herewith; and all other prior proceedings in this Action; and good cause for this Order having been shown;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The provisions of the Settlement, including the definitions and terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Settlement.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this Action and over all parties

to this Action, including the Class Members.

**Preliminary Findings Regarding Proposed Settlement**

3.      The Court preliminarily approves the Settlement as fair, reasonable, and adequate to all Class Members, pending a final settlement and fairness hearing (the "Final Approval Hearing"). The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Plaintiff or segments of the Class; and (v) warranting Notice of the proposed Settlement and the Final Approval Hearing described below.

**Preliminary Certification of the Settlement Class**

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, solely for purposes of effectuating the Settlement set forth in the Settlement Agreement, the following Settlement Class:

> All married participants (and their beneficiaries) of the Plan's B001 and B006 Sub-Plans whose normal form of benefits for unmarried participants was an SLA and who elected a JSA commencing on or after December 2, 2014, and before the Preliminary Approval Date and who accrued benefits in the form of a single life annuity. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan.

5.      The Court's preliminary certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of, Defendants to contest certification of the proposed Class in this Action. The Court's findings herein shall have no effect on the Court's ruling on any motion to certify any class in this Action, and no party may cite or refer to the Court's certification of the Settlement Class as persuasive or binding authority with respect to any motion to certify any

such class. The findings that follow in paragraph 6 are limited to this particular Order and are made only in the context of this particular settlement.

6. The Court finds that, solely for the purpose of effectuating the Settlement, the requirements of Rule 23 are satisfied and Plaintiff should be appointed as Class Representative. More specifically, the Court finds as follows:

    a. Pursuant to Rule 23(a)(1), that the members of the Class are so numerous that their joinder before the Court would be impracticable;

    b. Pursuant to Rule 23(a)(2), that Plaintiff has alleged one or more questions of fact or law common to the Class;

    c. Pursuant to Rule 23(a)(3), that Plaintiff's claims are typical of the claims of the Class;

    d. Pursuant to Rule 23(a)(4), that Plaintiff will fairly and adequately protect the interests of the Class; and

    e. Pursuant to Rule 23(b)(1)(A), "that prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

**Stay Order**

7. The Court orders the stay of any pending litigation in the Action and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims against Defendants or any of their respective Related Parties.

**Form and Timing of Notice**

8.      The Court hereby approves, as to form and content, the Notice substantially in the form attached to the Settlement Agreement as Exhibit 2, and directs that no later than forty-five (45) days after entry of this Order  Defendants shall cause the Notice to be sent by regular mail to each known Class Member' last known address that is maintained in the Plan's records. Defendants shall file with the Court proof of transmission of the Notice seven (7) days prior to the Final Approval Hearing.

9.      The cost of providing the Notice to the Class as specified in this Order shall be paid as set forth in the Settlement.

10.     The Court preliminarily finds that the distribution of the Notice, and the notice methodology contemplated by the Settlement and this Order:

       a.      Constitute the best practicable notice to Class Members under the circumstances of this Action;

       b.      Are reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this Action; (ii) their right to object to any aspect of the proposed Settlement; (iii) their right to appear at the Final Approval Hearing, either on their own or through counsel hired at their own expense; and (iv) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on the Class;

       c.      Are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

       d.      Fully satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution

(including the Due Process Clause), the Employee Retirement Income Security of Act of 1974, as amended, the Rules of this Court, and any other applicable law.

**Final Approval Hearing**

11.     The Final Approval Hearing shall take place before the undersigned, United States District Judge Lynn Adelman on [DATE], 2023 at [TIME] [which will take place by video conference/which will be held in Courtroom XX of the United States District Court for the Eastern District of Wisconsin, 517 E. Wisconsin Ave., Milwaukee, WI 53202] to determine:

a.     Whether the Settlement, on the terms and conditions provided for in the Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

b.     Whether the Action should be dismissed on the merits and with prejudice;

c.     Whether the Court should permanently enjoin the assertion of any Released Claims by Class Members;

d.     Whether the application for attorneys' fees, expenses and costs to be submitted by Class Counsel should be approved;

e.     Whether the application for a Client Contribution Award on behalf of Plaintiff should be approved; and

f.     Such other matters as the Court may deem necessary or appropriate.

**Petition for Attorneys' Fees and Costs and Client Contribution Awards**

12.     Any petition for an award to Plaintiff or Class Counsel of a Fees, Expenses and Costs Award, and all briefs in support thereof, shall be filed no later than forty-five (45) days prior to the Final Approval Hearing. Any opposition to such petition by Defendants shall be filed no later than twenty-eight (28) days prior to the Final Approval Hearing.

## Briefs in Support of Final Approval of the Settlement

13.     Briefs and other documents in support of final approval of the Settlement shall be filed no later than forty-five (45) days prior to the Final Approval hearing.

## Objections to the Settlement

14.     Any member of the Class may file an objection ("Objection") to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to the request for a client contribution award for Plaintiff. An objector must file with the Court a statement of his, her, or its Objection(s), specifying the reason(s) for each such Objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the Objection(s). Any member of the Class who files an Objection to the Settlement must also mail copies of the Objection and any supporting law and/or evidence to Class Counsel and to counsel for Defendants. The addresses for filing Objections with the Court and serving Objections on counsel are as follows:

For Filing:

> Clerk of the Court
> United States District Court for the Eastern District of Wisconsin
> 517 E. Wisconsin
> Ave. Rm. 362
> Milwaukee, WI 53202
> Re: *Berube v. Rockwell Automation, Inc.*, No. 2:20-cv-01783

To Class Counsel:

> Christopher M. Barrett
> IZARD, KINDALL & RAABE LLP
> 29 S. Main Street, Suite 305
> West Hartford, CT 06107
> Email: cbarrett@ikrlaw.com

To Defendants' Counsel:

   Blake Crohan
   ALSTON & BIRD, LLP
   1201 W. Peachtree Street NE
   Atlanta, GA 30309
   Email: blake.crohan@alston.com

15.     Objectors and their private counsel (if any) must file and serve their Objections and supporting papers so that they are received by the Court and counsel no later than twenty-eight (28) days before the Final Approval Hearing. Service on counsel may be effected by email on both Class Counsel and Defendants' Counsel listed above, but filing with the Court must be done by first-class mail. If objectors hire an attorney for the purpose of making an Objection, the attorney must also file a notice of appearance with the Court no later than twenty-eight (28) days before the Final Approval Hearing and serve a copy of the notice of appearance on Class Counsel and Defendants' Counsel listed above by email or regular mail on the same day that it is filed with the Court. Any member of the Class who does not timely submit a written Objection complying with the terms of this Order shall be deemed to have waived, and shall be foreclosed from raising, any Objection to the Settlement, and any untimely Objection shall be barred. Any responses to Objections shall be filed with the Court no later than seven (7) days before the Final Approval Hearing. There shall be no reply briefs.

16.     Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

17.     Any objector who files and serves a timely, written Objection in accordance with Paragraphs 11 and 12 above may also appear at the Final Approval Hearing, either for themselves or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court no

later than twenty-eight (28) days before the Final Approval Hearing. Any objector who does not timely submit a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Final Approval Hearing, except for good cause shown.

## Use of Order

18.     This Order is not admissible as evidence for any purpose in any pending or future litigation. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any finding of fiduciary status, fault, wrongdoing, breach, or liability. This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable. This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims that he, she, or it may have in the event that the Settlement Agreement terminates. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits or appendices, nor any actions taken thereunder shall be construed as, offered into evidence as, received into evidence as, and/or deemed to be evidence of, a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

## Other Provisions

19.     In the event that the Settlement does not become effective in accordance with the terms of the Agreement, this Order shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated (except as to paragraphs 5, 6, and 18), and in such event, all orders entered and releases delivered in connection therewith shall be null and

void to the extent provided by and in accordance with the Settlement, and without prejudice to the rights to the parties to the Agreement before it was executed. Notwithstanding the foregoing, and for the avoidance of doubt, the effectiveness of the Settlement is not contingent upon the Court approving the attorneys' fees and costs or any client contribution award request by Plaintiff or Class Counsel.

20. The Court reserves the right to alter the time or the date of the Final Approval Hearing, as well as whether the Hearing will take place in person or by videoconference, without further written notice to the Class, provided that the time or the date of the Final Approval Hearing shall not be set at a time or a date earlier than the time and date set forth in Paragraph 8 above.

21. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**SO ORDERED** in the Eastern District of Wisconsin on_____, 2023.


_____
**THE HONORABLE LYNN ADELMAN**
**UNITED STATES DISTRICT JUDGE**