UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Mark Berube, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>                vs.<br><br>Rockwell Automation, Inc., the Rockwell Automation Employee Benefits Plan Committee, and John/Jane Does 1–20,<br><br>                Defendants. | Civil Action No. 2:20-CV-01783<br><br><br><br><br><br>CLASS ACTION |

**FINAL JUDGMENT AND ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES AND COSTS, AND AWARD OF A CASE CONTRIBUTION AWARD, AND DISMISSAL WITH PREJUDICE**

Plaintiff Mark Berube ("Plaintiff" or "Class Representative") has submitted a Motion for Final Approval of the Settlement set forth in the Class Action Settlement Agreement dated November 1, 2023 (the "Settlement Agreement"). Plaintiff's Counsel has also submitted to the Court their Motion for Award of Attorneys' Fees, Reimbursement of Expenses and Costs, and Award of a Case Contribution Award.

On November 7, 2023, this Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement (Dkt. 76.) This Court also approved the procedure for giving Class Notice to the members of the Settlement Class; and set a Final Approval Hearing to take place on March 8, 2024. (*Id*.) The Court finds that due and adequate notice was given to the Settlement Class as required in the Court's Order.

The Court has reviewed the papers filed in support of the Motion for Final Approval, including the Settlement Agreement and exhibits thereto, memoranda and arguments submitted on behalf of the Settlement Class, and supporting declarations.

On March 8, 2024, this Court held a duly noticed Final Approval Hearing to consider: (1) certification of the Settlement Class; (2) whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate; (3) whether a judgment should be entered dismissing the Settlement Class Members' Released Claims on the merits and with prejudice; and (4) whether and in what amount to award attorneys' fees and expenses to Plaintiff's counsel and any award to the Named Plaintiff for his representation of the Class.

Based on the papers filed with the Court and the presentations made to the Court by the Parties and by other interested persons at the Final Approval Hearing, it appears to the Court that the Settlement Agreement is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. **Definitions**. This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members, and venue in this Court is proper.

3. **No Merits Determination**. This Order does not make any determination as to the merits of this case.

5. **Settlement Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action as a class action, with the Class defined as: All married participants (and their beneficiaries) of the Plan's B001 and B006 Sub-Plans whose normal form of benefits for unmarried participants was an SLA and who elected a JSA commencing on or after December 2, 2014, and before the Preliminary Approval Date and who accrued benefits in the form of a single life annuity. Excluded from the Class are Defendants and any individuals who are subsequently determined to be fiduciaries of the Plan. The Court finds that, solely for the purpose of effectuating the Settlement, the requirements of Rule 23 are satisfied and Plaintiff should be appointed as Class Representative. More specifically, the Court finds as follows:

   a. Pursuant to Rule 23(a)(1), that the members of the Class are so numerous that their joinder before the Court would be impracticable;

   b. Pursuant to Rule 23(a)(2), that Plaintiff has alleged one or more questions of fact or law common to the Class;

   c. Pursuant to Rule 23(a)(3), that Plaintiff's claims are typical of the claims of the Class;

   d. Pursuant to Rule 23(a)(4), that Plaintiff will fairly and adequately protect the interests of the Class; and

   e. Pursuant to Rule 23(b)(1)(A), "that prosecuting separate actions by or against individual class members would create a risk of . . . inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class."

4. **Designation of Class Representative and Class Counsel**. The Court confirms the prior appointments of Plaintiff Mark Berube as Class Representative, and the law firms of Izard, Kindall & Raabe, LLP and Bailey & Glasser LLP as Class Counsel.

5. **Settlement Approval**. Pursuant to Rule 23(e), this Court hereby approves the Settlement and finds that it is, in all respects, fair, reasonable and adequate to the Parties. The Court further finds that the Settlement is the result of good faith arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement is hereby finally approved in all respects, there is no just reason for delay, and the Parties are hereby directed to perform its terms.

6. **Dismissal with Prejudice**. Final Judgment is hereby entered with respect to the Released Claims of all Settlement Class Members, and the Released Claims are hereby dismissed in their entirety with prejudice and without costs, and the case shall be closed.

7. **Releases**. The releases as set forth in Section IV of the Settlement Agreement together with the definitions in Section I relating thereto are expressly incorporated herein in all respects and made effective by operation of this Judgment. The Court hereby approves the release provisions as contained and incorporated in Section IV of the Settlement Agreement, including but not limited to the definitions of Released Claims and Released Parties. The Settlement Class Members and the Plan shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

8. **Covenant Not to Sue**. Plaintiff and all members of the Settlement Class are hereby barred and enjoined from filing any claim or action against any Released Party based on a

Released Claim. The foregoing provision shall be a complete defense to any such lawsuit or claims against any of the Released Parties.

9. **Approval of Class Notice**. The form and means of disseminating the Class Notice as provided for in the orders granting preliminary approval of class action settlement and proposed notice of settlement constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said Notice fully satisfied the requirements of Rule 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.

10. **Attorneys' Fees and Expenses**. Plaintiff and Plaintiff's counsel have moved for an award of attorneys' fees and reimbursement of costs and expenses. The Court has considered this application separately from this Judgment. The Court finds that an award of $268,500 in attorneys' fees, and reimbursement of expenses and costs in the amount of $225,000 is fair and reasonable, and the Court approves of payment thereof pursuant to the Settlement Agreement.

11. **Case Contribution Award**. The Court further finds that a Case Contribution Award for Mr. Berube in the amount of $5,000 is fair and reasonable, and the Court approves of the Case Contribution Award in this amount and payment thereof pursuant to the Settlement Agreement.

12. **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Settlement Agreement, nor any related negotiations, statements or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was

reached, or the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way, be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

13. **Implementation of the Agreement**. The Parties are hereby authorized to implement the terms of the Agreement.

14. **Reasonable Extensions**. Without further order of this Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

15. **CAFA Notice**. Rockwell has provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. § 1715.

16. **Entry of Final Judgment**. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is hereby directed.

17. **Action Closed**. The Clerk of the Court is hereby directed to close the Lawsuit.

**SO ORDERED** in the Eastern District of Wisconsin on this 8th day of March, 2024.

/s/ Lynn Adelman
THE HONORABLE LYNN ADELMAN
UNITED STATES DISTRICT JUDGE